STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

SAMANTHA BENNETT (NYBN 5132063)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    samantha.bennett@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>TARIK LAMONT JOHNSON,<br><br>    Defendant. | Case No. 4:21-mj-71970 MAG<br><br>STIPULATION AND PROTECTIVE ORDER |

       Plaintiff United States of America, by and through STEPHANIE M. HINDS, United States Attorney for the Northern District of California, and SAMANTHA BENNETT, Assistant United States Attorney for the Northern District of California, and the defendant, Tarik Lamont Johnson, through his undersigned counsel, hereby stipulate and agree as follows:

       a)      This is a case in which the defendant is charged with or being investigated for crimes involving victims and/or witnesses who are minors (the Child Victims). As such, the alleged Child Victims are entitled to certain statutory protections, including: (1) Title 18, United States Code, section 3509, which affords certain confidentiality protections to the Child Victims, including the requirement that the Child Victims' names not be included in any public filings and that the parties keep the names

of child victims in a secure place to which no person who does not have reason to know their contents has access; (2) Title 18, United States Code, section 3771, which affords any victim of a crime the right to be treated with fairness and respect for his or her dignity and privacy; and (3) Title 18, United States Code, section 3509(m), which provides that a court shall deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the government makes the material reasonably available to the defendant and provides ample opportunity for the defense to examine it at a government facility.

      b)     Some of the discovery materials the government intends to produce in this case may include materials falling into one or more of the following categories which, because of the way they are stored and/or because of the content of the materials, cannot practically be redacted to sufficiently protect the information from public disclosure (collectively, "Protected Information"):

1. Personal Identifying Information of any individual, including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

2. The names and other personal information of alleged Child Victims, as well as non-pornographic images ("Child Information");

3. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

4. Documents or other materials which contain the usernames or other information of other social media users ("Other User Information").  Government counsel asserts that the social media users are subject to ongoing criminal investigations in other districts and that public disclosure of their names could result in the destruction of evidence or could cause the individuals to flee from prosecution.

      c)     The government seized or otherwise obtained certain electronic devices from the defendant ("Defendant's Electronic Devices") and records from the defendant's online accounts ("Defendant's Accounts") that may contain private and confidential information relating to Child

Victims and other individuals, including potentially personally identifiable information such as account names and numbers, social security numbers, and dates of birth. Due to the nature in which the information is stored, it is possible that some information cannot practically be redacted.

THEREFORE, THE PARTIES STIPULATE AND AGREE that the Court should enter an order restricting the disclosure of the Protected Information described above as follows:

1. All Protected Information produced by the government in this matter that is not maintained on Defendant's Electronic Devices or in Defendant's Online Accounts, even if redacted, shall be stamped on its face "PROTECTED INFORMATION – SUBJECT TO PROTECTIVE ORDER." All information stored on Defendant's Electronic Devices and in Defendant's Online Accounts will also be deemed Protected Information and subject to the terms of this Protective Order.

2. The following individuals (the "Defense Team") may access and review Protected Information for the sole purpose of preparing the defense and for no other purpose:

    a) Counsel for defendant who have made an appearance in this matter; and

    b) Persons employed by defense counsel to assist with the preparation of the defense, including legal assistants, experts, and investigators.

3. The Defense Team may review with the defendant all discovery material produced by the government, but shall not provide the defendant with copies of, or permit the defendant to make copies of or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Child Information, Financial Information, and/or Other User Information has first been <u>entirely redacted</u> from the discovery materials. Discovery material that clearly pertains to the defendant and does not contain Protected Information regarding any other person (*e.g.*, a defendant's own bank records, telephone records, and business records) may be provided to the defendant unredacted.

4. The Defense Team shall not disclose the substance of any Protected Information received from the government in the above-captioned matter to any third party without the express written permission of the government or the approval of this Court.

5. The Defense Team shall refer to any alleged Child Victim only by "Minor Victim #X", "John Doe #X" or in a similar way which does not publicly identify the alleged Child Victim, in all

STIPULATED PROTECTIVE ORDER
4:21-MJ-71970 MAG

pleadings and at any court hearings.

6. If the Defense Team files a pleading that references, contains, or attaches Protected Information subject to this Protective Order, any portion of that pleading that references, contains, or attaches Protected Information must be filed under seal. The Defense Team shall comply with Criminal Local Rule 56-1 to ensure that Protected Information is not improperly disclosed but that any sealing order is limited to those portions of the pleading for which there is a valid basis to seal.

7. All review and examination of Defendant's Electronic Devices and Defendant's Online Accounts, as well as any child sexual abuse material recovered during this investigation, will be conducted at a federal government facility designated by the U.S. Attorney's Office. At the request of the Defense Team, the examination may be conducted outside the presence of an agent or other government representative.

8. The Defense Team shall not make, nor permit to be made, any copies of the alleged child sexual abuse material contained in the Defendant's Electronic Devices and/or Online Accounts and shall not remove from the government facility any child sexual abuse material or child erotica. The Defense Team will be provided with a copy of electronic information that is not contraband, and/or a report without contraband images or videos documenting the examination of an electronic device and/or the Online Accounts.

9. After any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, and after the deadline for any 28 U.S.C. § 2255 motion has expired, upon request by government counsel, the Defense Team shall destroy all documents and electronic media subject to this Protective Order, delete any electronic copies of such documents or electronic media, or return such documents or electronic media to the government. Should the Defense Team seek to retain copies of any documents or electronic media that would otherwise be subject to this Protective Order, the Defense Team may seek from government counsel copies of such documents or electronic media with all Protected Information appropriately redacted, or may seek any other appropriate relief from the Court.

10. This Protective Order applies to all attorneys associated with the above case who have knowledge of this Protective Order, regardless of the nature of their involvement in the case. This

Order shall be binding on all subsequent attorneys who represent the defendant in this case or any other person who comes into possession of the documents disclosed to the Defense Team under this Protective Order.

11. Any disputes about this Protective Order, including any dispute about the government's decision to designate materials as Protected Information, shall be resolved by this Court only after counsel for the United States and the defendant have first conferred and attempted to resolve the dispute. Defense counsel shall first raise any disputed designation with the government in writing. If the government does not then agree to change the designation, the defense may raise the issue with the Court.

12. This stipulation is without prejudice to any party applying to the Court to modify the terms of this Protective Order. This Court shall retain jurisdiction to modify this Protective Order upon motion of any party even after the conclusion of district court proceedings in this case.

IT IS SO STIPULATED.

STEPHANIE M. HINDS
United States Attorney

Dated: January 11, 2022

_____/s/_____
SAMANTHA BENNETT
Assistant United States Attorney

_____/s/_____
ANGELA HANSEN
Counsel for Defendant Tarik Lamont Johnson

IT IS SO ORDERED.

Dated: January 12, 2022

HON. DONNA M. RYU
United States District Judge

STIPULATED PROTECTIVE ORDER
4:21-MJ-71970 MAG